IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Alvin Fields**, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | Case No. 1:07-cv-6894 |
| ) | Judge Joan H. Lefkow |
| **Lyon Workspace Products, LLC**, et al., ) | |
| ) | |
| Defendants. ) | Jury Trial Demanded |

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE SUPPLEMENTAL COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(d), Plaintiffs, through their counsel, respectfully move for leave to file a Supplemental Complaint, which is attached to this motion. The purpose of the Supplemental Complaint is to add a claim against Defendants under the anti-retaliation provision of ERISA § 510, 29 U.S.C. § 1140, based on events that have occurred subsequent to the filing of the original Complaint. As we explain in more detail below, the Counterclaim filed by Defendants against Plaintiffs Fields, Campbell, and Pryor has no basis in law and instead has the evident purpose of attempting to retaliate against and intimidate these three Plaintiffs for their efforts, through this lawsuit, to vindicate their rights and those of others similarly situated under Title I of ERISA. As such, Defendants have acted in violation of ERISA § 510.

## DISCUSSION

Under Rule 15(d) of the Federal Rules of Civil Procedure, a court may allow a party to serve a supplemental pleading to set forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." The standards governing amendments and supplementation are the same. *See Glatt v. Chicago Park District,* 87 F.3d 190, 194 (7th Cir. 1996). Thus, leave to supplement "shall be freely given when justice so requires." Fed. R. Civ. P 15(a). As the Supreme Court has explained,

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962). Applying this standard here, Plaintiffs should be granted leave to file their Supplemental Complaint.

Plaintiffs' Complaint, which was filed in December of 2007, alleges that Defendants wrongfully assessed Plaintiffs' health care contributions and terminated Plaintiffs' coverage for failure to pay the increased contributions demanded by Defendants in violation of Title I of ERISA and Section 301 of the Labor Management Relations Act. On January 25, 2008, Defendants answered the Complaint and filed a Counterclaim against three of the four named Plaintiffs, seeking to recover almost $600,000 from Plaintiffs Fields, Campbell, and Pryor, all of whom are retired, former participants in the Lyon Plan. As demonstrated in Plaintiffs' Motion to Dismiss Defendants' Counterclaim, filed simultaneously herewith, the Counterclaim is entirely baseless in law and could only have been filed to retaliate against Plaintiffs for protecting their rights under ERISA and to

intimidate other putative class members from actively participating in this lawsuit. As such, the filing of the Counterclaim violates the anti-retaliation provision of ERISA § 510, 29 U.S.C. § 1140, and Plaintiffs therefore seek leave to file a Supplemental Complaint alleging just such a violation of ERISA.

Because this Motion for leave to file the Supplemental Complaint is timely filed, the Supplemental Complaint states a claim under section 510 of ERISA against Defendants, and because no undue prejudice will result to the Defendants by virtue of leave being granted, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the attached Supplemental Complaint.

Respectfully submitted,

CORNFIELD AND FELDMAN

CORNFIELD AND FELDMAN
Suite 1400
25 East Washington Street
Chicago, IL 60602-1803
(312) 236-7800
(312) 236-6686 (fax)

By: /s/ Stephen A. Yokich
Stephen A. Yokich

BREDHOFF & KAISER, P.L.L.C.

BREDHOFF & KAISER, P.L.L.C.
Suite 1000
805 Fifteenth Street, N.W.
Washington, DC 20005-2207
(202) 842-2600
(202) 842-1888 (fax)

By: Robert Alexander, Esq.
Todd E. Edelman, Esq.

Attorneys for Plaintiffs

Dated: March 21, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Alvin Fields**, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-6894 |
| | ) | Judge Joan H. Lefkow |
| **Lyon Workspace Products, LLC**, et al., | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

### SUPPLEMENTAL COMPLAINT

Plaintiffs Alvin Fields, Allen Campbell, and J.R. Pryor, Jr., in their individual capacities, file this Supplemental Complaint pursuant to Section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140, in order to vindicate and protect their rights to be free of acts of discrimination and retaliation for having exercised their rights under ERISA.

### FACTS

1.  Plaintiffs incorporate by reference herein the facts set forth in their original Class Action Complaint, which was filed on December 6, 2007. Compl. ¶¶ 1-41.

2.  On January 25, 2008, Defendants filed a Counterclaim against Plaintiffs Fields, Campbell, and Pryor in their individual capacities. Defendants' Counterclaim seeks to recover from those three plaintiffs expenses in the amount of $600,000 that were allegedly incurred by the Lyon Plan – an employee benefit plan within the meaning of ERISA – between 2001 and 2005, but that were beyond the Lyon Plan's capped liability and were not paid by Plan participants. Counterclaim

¶ 6. The Counterclaim asserts that Plaintiffs Fields, Campbell, and Pryor "breached the terms of the Plan by failing to pay the amounts owed over the cap," Counterclaim ¶ 7, and that Defendants are entitled to "equitable relief and restitution pursuant to ERISA 29 U.S.C. § 1 132(a)(3)," Counterclaim ¶ 11.

3.    Defendants' Counterclaim has no basis in law and was filed only for the purpose of retaliating against Plaintiffs Fields, Campbell, and Pryor for attempting to vindicate and protect their rights under the terms of the Lyon Plan and Title I of ERISA and to discourage putative class members from actively participating in this lawsuit.

### CAUSE OF ACTION
### (Against All Defendants by Plaintiffs Fields, Campbell, and Pryor Individually)

4.    Paragraphs 1-3 are incorporated by reference as though fully set forth herein.

5.    Plaintiffs Fields, Campbell, and Pryor are beneficiaries of an employee benefit plan within the meaning of ERISA, and they bring the claim set forth in this Supplemental Complaint to enforce their rights under ERISA Section 510, 29 U.S.C. § 1140.

6.    Defendants' Counterclaim was asserted only because Plaintiffs Fields, Campbell, and Pryor, through this lawsuit, are seeking to enforce their rights and those of persons similarly situated under the Lyon Plan and under Title I of ERISA.

7.    The assertion of that claim constitutes adverse action against Plaintiffs Fields, Campbell, and Pryor that Defendants would not have taken had Plaintiffs Fields, Campbell, and Pryor not been seeking to enforce their rights under the Lyon Plan and under Title I of ERISA.

8. Treating Plaintiffs Fields, Campbell, and Pryor differently from other Plan participants (or former Plan participants) and differently from the way Defendants would have treated them absent their involvement in this lawsuit constitutes "discriminat[ion] against" Plaintiffs Fields, Campbell, and Pryor within the meaning of section 510 of ERISA, 29 U.S.C. § 1140.

9. Defendants have therefore violated the anti-retaliation provisions of Section 510 of ERISA, 29 U.S.C. § 1140, by discriminating against Plaintiffs Fields, Campbell, and Pryor for seeking to enforce their rights and those of other persons similarly situated under the Lyon Plan and under Title I of ERISA.

10. Such actions by Defendants also have the purpose of interfering with the efforts of participants and beneficiaries to exercise the rights to which they are entitled under the Lyon Plan and under Title I of ERISA and to discourage other class members from actively participating in this lawsuit, by making it more difficult and more expensive for them to enforce their rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants, and pray for the following relief:

a. That the Court declare that Defendants violated Section 510 of ERISA, 29 U.S.C. § 1140, by bringing their counterclaim against Plaintiffs Fields, Campbell, and Pryor in retaliation for the Plaintiffs' efforts to enforce their rights under the Lyon Plan and under Title I of ERISA.

b. That the Court enjoin Defendants from any further acts against any of the Plaintiffs or putative class members that are designed to retaliate against or intimidate

    participants or former participants in the Lyon Plan seeking to enforce their rights under the Plan and Title I of ERISA.

c.     That the Court award Plaintiffs Fields, Campbell, and Pryor their attorneys' fees and costs reasonably incurred in defending against the Counterclaim and in connection with this Supplemental Complaint.

d.     That the Court award Plaintiffs such other and additional relief as the Court finds just.

Plaintiffs demand a jury trial for all claims triable by a jury.

                              Respectfully submitted,

                              CORNFIELD AND FELDMAN

| | |
|---|---|
| CORNFIELD AND FELDMAN<br>Suite 1400<br>25 East Washington Street<br>Chicago, IL 60602-1803<br>(312) 236-7800<br>(312) 236-6686 (fax) | By:   /s/ Stephen A. Yokich<br>       Stephen A. Yokich<br><br><br>BREDHOFF & KAISER, P.L.L.C. |
| BREDHOFF & KAISER, P.L.L.C.<br>Suite 1000<br>805 Fifteenth Street, N.W.<br>Washington, DC 20005-2207<br>(202) 842-2600<br>(202) 842-1888 (fax)<br><br>Dated: March ____, 2008 | By:   Robert Alexander, Esq.<br>       Todd E. Edelman, Esq.<br><br><br>Attorneys for Plaintiffs |

**CERTIFICATE OF SERVICE**

Stephen A. Yokich, an attorney, hereby certifies that on March 21, 2008, he caused the foregoing **Plaintiffs' Motion for Leave To File Supplemental Complaint** to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Mark E. Schmidtke, Esq.
> Eric P. Mathisen, Esq.
> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
> Suite 2500
> Two First National Plaza
> 20 South Clark Street
> Chicago, Illinois   60603
>
> A. Craig Cleland, Esq.
> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
> Suite 2100
> 600 Peachtree Street NE
> Atlanta, Georgia   30308

and further certifies that on March 21, 2008, he caused the same document to be served upon the following nonregistered participants by U.S. Mail, first-class postage prepaid and addressed as shown below:

> None.

/s/ Stephen A. Yokich
Stephen A. Yokich